E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Deputy Chief, Cyber & I.P. Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3825
    Facsimile: (213) 894-2927
    Email:      lauren.restrepo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-00595-JWH-1&3 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| AHMED HOSSAM ELDIN ELBADAWY, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 02/10/2025 |
| | **PROPOSED TRIAL DATE:** 07/28/2025 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Lauren Restrepo, and defendant AHMED HOSSAM ELDIN ELBADAWY ("defendant ELBADAWY"), both individually and by and through his counsel of record, Christopher Downey, Esq., and defendant EVANS ONYEAKA OSIEBO ("defendant OSIEBO"), both individually and by and through his counsel of record, Arnold Spencer, Esq., hereby stipulate as follows:

1. The Indictment in this case was filed on October 8, 2024.

2. Defendant ELBADAWY first appeared before a judicial officer of the court in which the charges in this case were pending on December 19, 2024 in Los Angeles. The Speedy Trial Act originally required that the trial commence on or before February 27, 2025. The Court originally set a trial date of February 10, 2025 and a status conference date of January 24, 2025 at 1:00 p.m.

3. Defendant OSIEBO first appeared before a judicial officer of the court in which the charges in this case were pending on December 19, 2024 in Santa Ana. The Speedy Trial Act originally required that the trial commence on or before February 27, 2025. The Court originally set a trial date of February 10, 2025 and a status conference date and time of January 24, 2025 at 1:00 p.m.

4. Co-defendant Joel Martin Evans ("defendant EVANS") previously made his initial appearance in this case on December 3, 2024. At that time, the Court set a trial date for defendant EVANS of January 27, 2025 and a status conference date and time of January 10, 2025 at 1:00 p.m. On December 23, 2024, the court continued defendant EVANS' trial date to July 28, 2025 at 9:00 a.m. and the status conference date to July 11, 2025 at 1:00 p.m.

5. All three defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately seven days. All defendants are currently joined for trial and a severance has not been granted.

6. By this stipulation, defendants ELBADAWY and OSIEBO now also move to continue the trial date to July 28, 2025 at 9:00 a.m. and the status conference date to July 11, 2025 at 1:00 p.m. This is the first request for a continuance.

  7. Defendants ELBADAWY and OSIEBO request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with violations of 18 U.S.C. § 1349 (wire fraud conspiracy), 18 U.S.C. § 371 (conspiracy), and 18 U.S.C. § 1028A(a)(1) (aggravated identity theft).  Once a protective order is negotiated by the parties and obtained from the court, the government will be producing discovery to defense, including thousands of pages of reports and records, the results of searches of numerous online accounts, cell phones, computers, and other digital devices, records of interviews, and documents and reports related to dozens of victims.

    b. Counsel for defendants both represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

    c. Counsel for defendants also represent that additional time is necessary to confer with each defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel each represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. Both defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

    e. The government does not object to the continuance.

    f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

 8. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 10, 2025 to July 28, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//
//
//

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 26, 2024           Respectfully submitted,

                                                  E. MARTIN ESTRADA
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

     */s/ Lauren Restrepo*
LAUREN RESTREPO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

//

I am AHMED HOSSAM ELDIN ELBADAWY's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than July 28, 2025 is an informed and voluntary one.

_____    01/07/24
CHRISTOPHER DOWNEY, ESQ.     Date
Attorney for Defendant
AHMED HOSSAM ELDIN ELBADAWY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than July 28, 2025.

_____    01/07/24
AHMED HOSSAM ELDIN ELBADAWY   Date
Defendant

//
//
//

6

1  I am EVANS ONYEAKA OSIEBO's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than July 28,
7  2025, is an informed and voluntary one.

8  _____    12/31/2024
9  ARNOLD SPENCER, ESQ.               Date
   Attorney for Defendant
10 EVANS ONYEAKA OSIEBO

12  I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I voluntarily
14 agree to the continuance of the trial date and give up my right to be
15 brought to trial earlier than July 28, 2025.

16 _____    12/30/2024
17 EVANS ONYEAKA OSIEBO               Date
   Defendant

Scanned with CamScanner