UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>AHMED HOSSAM ELBADAWY, et al.,<br><br>　　　　Defendant. | Case No. 2:24-cr-00595-JWH-3<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

Upon consideration of the application of Plaintiff United States of America, for a Preliminary Order of Forfeiture pursuant to the plea agreement of, and guilty plea to Counts One and Three of the Indictment entered by Defendant EVANS ONYEAKA OSIEBO, and, good cause appearing thereon, it is hereby **ORDERED** as follows:

### I.    FORFEITABLE PROPERTY

1.    For the reasons set out below, any right, title, and interest of Defendant in the following described property (hereinafter, the "Forfeitable Property") is hereby forfeited to the United States.  The Court finds that the Government has established the requisite nexus between the Forfeitable Property and the offense described in Counts One and Three of the Indictment, that is Wire Fraud Conspiracy and Aggravated Identity Theft, in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 1028A(a)(1).  The Forfeitable Property is particularly described as:

a.    33.73052666 Bitcoin seized from Defendant on October 2, 2023, and October 4, 2023, or the net proceeds of the sale thereof;

b.    2.711247414270532635 Ethereum seized from Defendant on October 4, 2023, and April 22, 2024, or the net proceeds of the sale thereof; and

c.    3,932.592789 Monero seized from Defendant on October 2, 2023 (collectively, the "Forfeitable Property").

## II.   IMPLEMENTATION

1.   Upon the entry of this Order, and pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure ("Rule") and 21 U.S.C. § 853, the United States Attorney General (or a designee) is authorized to seize the Forfeitable Property.

2.   Upon the entry of this Order, the United States is further authorized to conduct any discovery for the purpose of identifying, locating, or disposing of the Forfeitable Property subject to forfeiture pursuant to this Order, 21 U.S.C. § 853(m) and Rule 32.2(b)(3).  "Any discovery" shall include all methods of discovery permitted under the Federal Rules of Civil Procedure.

3.   Upon the entry of this Order (and at any time in the future after amendment of the applicable order of forfeiture in this matter), the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this and any other Order affecting specific property. The following paragraphs shall apply to any ancillary proceeding conducted in this matter:

    a.   Pursuant to Rule 32.2(b), 21 U.S.C. § 853(n)(1), and Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions under Title XIII of the Federal Rules of Civil Procedure, the Government shall forthwith publish for at least thirty (30) consecutive days on an official Government website notice of this order and any other Order

affecting the Forfeitable Property.  And to the extent practicable, the Government shall send notice to any person, other than Defendant, who is known to have an alleged interest in the Forfeitable Property or reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.  Any person having or claiming a legal interest in the Forfeitable Property must file a petition with the Court within thirty (30) days of the publication of notice or receipt of actual notice, whichever is earlier.

b.    Any person other than Defendant asserting a legal interest in the Forfeitable Property may, within thirty days of the publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(2).

c.    Any petition filed by a third party asserting an interest in the Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in such property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.  21 U.S.C. § 853(n)(3).

d.   The United States shall have clear title to the Forfeitable Property following the Court's disposition of all third-party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

4.   Pursuant to Rule 32.2(b)(4) and Defendant's consent, this Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and shall be made part of his sentence and included in his judgment.

5.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e).

**IT IS SO ORDERED.**

Dated:   August 13, 2026

The Honorable John W. Holcomb
UNITED STATES DISTRICT JUDGE